UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

PHATRAT TECHNOLOGY, LLC,

     Plaintiff,

vs.

TIMEX CORPORATION

     Defendant.

---

# COMPLAINT

---

     Plaintiff, PhatRat Technology, Inc. ("PhatRat") complains of defendant Timex Corporation ("Timex"), as follows:

## THE PARTIES

     1.     PhatRat is a Colorado limited liability company having a place of business at 10437 Goosehaven Drive, Lafayette, Colorado 80026.

     2.     Timex is a Delaware corporation having a place of business at 555 Christian Road, Middlebury, Connecticut 06762.

## JURISDICTION AND VENUE

     3.     This is a complaint for patent infringement brought against the defendant identified above, and arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a). Venue in this district is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

## PATENT INFRINGEMENT

4.      PhatRat owns and has standing to sue for the infringement of United States Letters Patent No. 7,162,392 ("the '392 patent"), entitled "Sport Performance Systems for Measuring Athletic Performance, and Associated Methods."

5.      The '392 patent was issued by the United States Patent and Trademark Office on January 9, 2007.

6.      Timex has directly infringed, contributorily infringed and actively induced the infringement of one or more claims of the '392 patent through its manufacture of, use of, sale of and offers to sell sport monitoring systems including, but not limited to, the Timex Speed + Distance System, the Timex GPS Bodylink System, the Timex Ironman Triathalon Bodylink System, the Timex Bodylink Trail Runner System and the Timex Navman Speed and Distance Sensor.  Timex has committed these acts of infringement throughout the United States, including in this judicial district.

7.      The above-described unlawful acts of infringement by Timex will continue unless enjoined by this Court.

8.      The United States Patent and Trademark Office issued a Notice of Allowance for the '392 patent on October 3, 2006.  On October 5, 2006, PhatRat informed Timex of the Notice of Allowance and that Timex's manufacture, use, sale, offers to sell and importation of the Timex Speed + Distance System, the Timex GPS Bodylink System, the Timex Ironman, the Triathalon Bodylink System, the Timex Bodylink Trail Runner System and the Timex Navman Speed and Distance Sensor would constitute infringement of the '392 patent upon issuance.

9.      PhatRat has complied with the requirements of 35 U.S.C. § 287(a).

10.      The above-described unlawful acts of infringement by Timex are, and have been, willful, intentional and deliberate.

11. PhatRat has been damaged by the infringing acts of Timex, and will continue to be damaged unless Timex, including those acting in concert or participation with Timex, are restrained from their infringing acts by this Court.

12. On August 1, 2006, PhatRat filed suit against Timex for infringement of U.S. Patent No. 6,856,934 ("the '934 patent"). PhatRat subsequently filed an amended complaint adding U.S. Patent No. 7,092,846 ("the '846 patent"). That suit, Civil Action No. 06-CV-01447-MSK-BNB, is currently pending before the Honorable Marcia S. Krieger.

13. The '392 patent is related to both the '934 patent and the '846 patent, and PhatRat's infringement allegations in Civil Action No. 06-CV-01447-MSK-BNB are directed to the same Timex products, systems and services at issue in this case. For these reasons, and to promote judicial efficiency, PhatRat informed Timex that upon issuance of the '392 patent, it intended to request that the patent be added to Civil Action No. 06-CV-01447-MSK-BNB. Timex strongly opposed this, stating at the Patent Rule 16(b) hearing on December 7, 2006 that:

> And we would vehemently – I'll tell you one thing: That we never indicated acquiescence to this date in contemplation of any adding any other patents to this lawsuit. That was not in our thinking, and I would oppose attempting to add additional patents.

## REQUESTED RELIEF

WHEREFORE, PhatRat demands a judgment as follows:

A. An injunction prohibiting Timex, and all those acting in concert or participation with Timex, from further acts of infringement of the '392 patent;

B. An award to PhatRat of such damages as it shall prove at trial against Timex, sufficient to fully and adequately compensate PhatRat for all damages caused by the unlawful conduct of Timex, said damages to be no less than a reasonable royalty;

C.     An award to PhatRat for all damages so determined for willful infringement, pursuant

to 35 U.S.C. § 284, together with prejudgment interest;

D.     An award to PhatRat of the cost of this action and its reasonable attorneys fees; and

E.     Such other relief as this Court and the jury may determine to be proper and just.


## JURY DEMAND

A trial by jury is hereby demanded on all issues triable to a jury in this case.

Respectfully submitted,


_s/ David J. Sheikh_
David J. Sheikh
Gregory P. Casimer
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
Email: sheikh@nshn.com
Email: casimer@nshn.com

Attorneys for Plaintiff, PhatRat Technology, LLC